# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-1057

**September Term, 2024**

FILED ON: DECEMBER 3, 2024

THE HEALING HEALTHCARE 3, INC., D/B/A CURALEAF CAMELBACK DISPENSARY,
PETITIONER AND CROSS-RESPONDENT

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT AND CROSS-PETITIONER

UNITED FOOD AND COMMERCIAL WORKERS LOCAL 99,
INTERVENOR

Consolidated with 24-1072

On Petition for Review and Cross-Application
for Enforcement of an Order
of the National Labor Relations Board

Before: MILLETT and GARCIA, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## J U D G M E N T

This case was considered on the record from the National Labor Relations Board, and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that Curaleaf's petition for review is **DISMISSED**. The National Labor Relations Board's cross-application for enforcement is **GRANTED.**

Curaleaf petitions this court to set aside its employees' unionization election because the National Labor Relations Board Regional Director left out of the election notice the final date for tallying votes. Although Curaleaf presented this objection to the Regional Director during its

1

proceeding challenging the representation election, Curaleaf did not appeal this objection to the Board. Because we only have jurisdiction to consider objections properly presented to the Board, we dismiss Curaleaf's petition for lack of jurisdiction.

# I

## A

The National Labor Relations Act gives employees "the right to * * * bargain collectively through representatives of their own choosing[.]" 29 U.S.C. § 157. Employees elect representatives through majority voting. *Id.* § 159(a). An election is either "manual" (in person) or "by mail[.]" NATIONAL LABOR RELS. BD. CASEHANDLING MANUAL (PART 2) §§ 11301.2, 11301.1 (2023). The National Labor Relations Board has a longstanding preference for manual elections. *Id.* § 11301.2. But the Regional Director for a given area decides whether a particular election should be manual or by mail. *Id.* Both manual and mail ballot elections require the Regional Director to provide the Board's notice of election "to the parties and their designated representatives." 29 C.F.R. § 102.62(e).

The notice of election provides necessary information about the election to the employees, employer, and union representatives. The notice "should contain, at a minimum, * * * the date, place, and hours of election and * * * the date, time and place where ballots will be mingled and counted." NATIONAL LABOR RELS. BD. CASEHANDLING MANUAL (PART 2) § 11314.1. The tallying date is important because any ballot received prior to that date is counted. *Id.* § 11336.5(c).

After the Regional Director provides the notice of election, employers have a duty to post it "in conspicuous places * * * at least 3 full working days" before the election, as well as to send the notice out electronically to all eligible voters. 29 C.F.R. § 102.67(k). A failure by the employer to adequately provide notice "shall be grounds for setting aside the election[.]" *Id.*

To raise a challenge to a union representation proceeding, including to the adequacy of the notice of election, a party must file its objection with the Regional Director "[w]ithin 5 business days after the tally of ballots has been prepared," and the objection must "contain a short statement of the reasons" supporting it. 29 C.F.R. § 102.69(a)(8).

The Regional Director's decision on the objection is final unless the Board grants a request for review. 29 C.F.R. § 102.67(g). If the Board grants review, the parties' briefing of their claims is "limited to the issues raised in the request for review" that was submitted to the Regional Director. *Id.* § 102.67(h). The Board then decides the appeal "as it deems appropriate" based on the "entire record in the light of the grounds relied on for review[.]" *Id.*

The Board's decisions in representation proceedings are not directly reviewable by Article III courts. *Boire v. Greyhound Corp.*, 376 U.S. 473, 476-477 (1964). Instead, to challenge a representation proceeding, a party must decline to bargain with the union and then appeal a final order by the Board finding that the refusal to bargain was an unfair labor practice under Section

2

10(e) of the National Labor Relations Act.  29 U.S.C. § 160(f).

**B**

Healing Healthcare 3, Inc. conducts business as the Curaleaf Camelback Dispensary ("Curaleaf").  On May 20, 2022 the United Food and Commercial Workers International Union Local 99 ("Union") filed a petition with the Board to represent store associates employed by Curaleaf.  Although the Union and Curaleaf agreed to hold an in-person election for the employees to vote on collective representation, Regional Director Cornele Overstreet, the Board's Regional Director for Phoenix, Arizona, decided to use mail balloting instead due to COVID-19.  Ballots were mailed to employees on July 7, 2022.

Regional Director Overstreet provided Curaleaf with a Notice of Election to display in the Camelback Dispensary.  The Notice of Election stated that ballots must be received by July 28, 2022.  The Notice of Election, however, failed to identify the day votes would be tallied.  On August 3, 2022, six days after the mailing deadline, the Regional Director contacted the Union and Curaleaf to set the vote tallying date as August 12, 2022.  When the votes were counted on August 12th, the Union won 8-5 after four ballots were challenged and one ballot was voided.  Of the 38 eligible employees, only 18 cast a ballot.

Curaleaf subsequently filed four objections to the election with the Regional Director:

> 1. The Regional Director abused their discretion by ordering a mail ballot election on the basis of positivity rates that were inherently unreliable due to the lack of reliable reporting for negative test results as the basis for ordering a mail ballot election.
>
> 2. The Region unduly impacted the results of the current election by delaying the scheduling of the ordered videoconference to count ballots.
>
> 3. The Region failed to specify the time, date, and location of where ballots would be co-mingled and counted in the notice of election.
>
> 4. The tally of ballots is not accurate.  Specifically, the ballots of employees were mailed sufficiently to have been received by the Region in its offices by July 28, 2022.  However, despite that fact, were not presented or included in the tally of ballots that occurred on August 12, 2022.

JA 109–110.

Because Regional Director Overstreet was the subject of the objections, a different director—Regional Director Teresa Poor—was assigned to review the matter.  Regional Director Poor overruled Curaleaf's objections without a hearing and issued a "Certification of Representative" to the Union.

On June 8, 2023, Curaleaf timely filed a request with the Board seeking review of Regional Director Poor's representation decision. This request raised objections 1, 2, and 4 from those submitted to Regional Director Poor. Objection 3, concerning the Notice of Election's failure to specify the date of tallying, was omitted:

> 1. The Regional Director abused their discretion by ordering a mail ballot election on the basis of positivity rates that were inherently unreliable due to the lack of reliable reporting for negative test results as the basis for ordering a mail ballot election.
>
> 2. The Region unduly impacted the results of the current election by delaying the scheduling of the ordered videoconference to count ballots.
>
> 3. The tally of ballots is not accurate. Specifically, the ballots of employees were mailed sufficiently to have been received by the Region in its offices by July 28, 2022. However, despite that fact, were not presented or included in the tally of ballots that occurred on August 12, 2022.

JA 125.

The Board determined Curaleaf's request "raise[d] no substantial issues warranting review" and issued a denial on July 27, 2023.

The Union then asked Curaleaf to recognize it as the collective-bargaining representative and provide information relating to employment policies and benefits. Curaleaf said that it would not recognize the Union and would not provide the requested information so that it could seek judicial review of its challenges to the earlier representation proceeding.

Shortly thereafter, the Union filed unfair labor practice charges against Curaleaf. The Board's regional office issued a complaint and notice of hearing alleging violations of Sections 8(a)(1) and (a)(5) of the National Labor Relations Act. Curaleaf responded that the Union was improperly certified and so was not lawfully the employees' exclusive collective-bargaining representative. JA 249. The Board held that the representation proceeding was proper, found that Curaleaf's failure to recognize and bargain with the Union violated Sections 8(a)(1) and (a)(5) of the Act, and ordered Curaleaf to recognize the Union.

## II

Curaleaf petitions this court to review the Board's final decision finding that it had committed unfair labor practices. Pet. for Rev. at 1. Curaleaf's brief raises a single issue—"the Region's failure to issue a complete and proper Notice of Election accurately reflecting the date and time of the ballot count." Pet. Br. at 17-27; Pet. Reply Br. 2-16. The Board cross-petitioned to enforce its order.

4

Curaleaf's petition for review must be dismissed for lack of jurisdiction. The law is well-settled that this court lacks jurisdiction to consider objections that are not raised "in the time and manner that the Board's regulations require." *Spectrum Health—Kent Cmty. Campus v. NLRB*, 647 F.3d 341, 349 (D.C. Cir. 2011); *see Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 666 (1982); *Stephens Media, LLC v. NLRB*, 677 F.3d 1241, 1255 (D.C. Cir. 2012); *Nova Se. Univ. v. NLRB*, 807 F.3d 308, 313 (D.C. Cir. 2015); *see also* 29 U.S.C. § 160(e), (f). The Board's regulations, in turn, obligate parties to raise any and all objections to the representation proceeding in their request for Board review of the underlying representation proceedings themselves if they wish "to preserve the issues for consideration in subsequent unfair labor practice proceedings." *PruittHealth-Virginia Park, LLC v. NLRB*, 888 F.3d 1285, 1295 (D.C. Cir. 2018); *see* 29 C.F.R. § 102.67(g). As we explained in *PruittHealth*, this means there is no jurisdiction to hear an objection to an unfair labor practice proceeding that is premised on an objection to an improper representation proceeding unless that objection was first presented to the Board in the representation proceeding itself. 888 F.3d at 1295-1296.

Curaleaf did not present its objection to the omission of a tallying date in the Notice of Election during the underlying representation proceeding before the Board. In the representation proceeding, Curaleaf only raised three objections before the Board, choosing to drop its tally-notice objection. JA 125. Because Curaleaf chose not to present its objection to the sufficiency of the election's tally-notice to the Board, we lack jurisdiction to consider it.

Curaleaf makes two arguments in support of jurisdiction, neither of which succeeds.

*First*, Curaleaf argues that it did adequately raise the tally-notice objection to the Board. Curaleaf points to citations in its petition to the Board in the underlying representation proceeding where Curaleaf noted the failure to provide the time and date of the ballot tally in the Notice of Election. Pet. Reply Br. 6-7.

But there is a difference between citing to a fact and presenting an argument. Curaleaf's claims before the Board were not about the omission of notice, but instead were about Regional Director Overstreet's undue extension of the election period. Curaleaf's theory was that Regional Director Overstreet intentionally left out the tallying date so he could maintain discretion over when to end the election. According to Curaleaf, employees may have kept voting after the mail-by date while Regional Director Overstreet waited to announce the tally until union votes outnumbered non-union votes. JA 137. At no point did Curaleaf make the separate argument advanced here that the omission of a tally date from the Notice of Election itself was error.

Yet now Curaleaf has turned around and argues to this court that, due to the omission of a tally date in the Notice of Election, voters who would otherwise have kept voting beyond the mail-by date may have been discouraged from doing so because they thought the mail-by date was the last date they could send a ballot and have it counted. Pet. Br. 25. This assertedly skewed the election because ballots were not mailed that otherwise would have been counted. *Id.*

5

The only thing the two arguments have in common is the fact that there was no tallying date in the Notice of Election. Otherwise, they are wholly contradictory: Curaleaf insisted to the Board that employees kept voting after the mail-by date, but now tells this court that employees stopped voting after the mail-by date. Because the argument Curaleaf presented to the Board is the opposite of the tally-notice argument that Curaleaf advances here, Curaleaf's notice argument was not preserved.

*Second*, Curaleaf argues that this court has jurisdiction because it presented its notice argument to Regional Director Poor, and Section 10(e) of the Act states that no "objection that has not been urged before the Board, its member, *agent*, or agency, shall be considered by the court[.]" 29 U.S.C. § 160(e) (emphasis added); *see* Pet. Reply Br. 12. According to Curaleaf, because Regional Director Poor is an 'agent' of the Board who heard Curaleaf's notice objection, we have jurisdiction to review her decision. For authority, Curaleaf points to *Thryv, Inc. v. NLRB*, 102 F.4th 727, 741 (5th Cir. 2024).

Our precedent forecloses this argument. We have held in no uncertain terms that presenting an objection to the Board is a jurisdictional prerequisite. Raising an argument only before the Regional Director does not suffice. *See PruittHealth*, 888 F.3d at 1295. That precedent binds this panel. *See LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996).

\* \* \* \* \*

For the foregoing reasons, Curaleaf's petition for review is dismissed and the Board's cross-application for enforcement is granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**<u>Per Curiam</u>**

                    **FOR THE COURT:**
                    Mark J. Langer, Clerk

BY:   /s/
          Scott H. Atchue
          Deputy Clerk